UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

ABINGDON DIVISION

David Coleman,

Plaintiff,

v.

EarthLink, LLC,

Defendant.

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

MAY 19 2025

LAURA A. AUSTIN, CLERK
BY: /s/ K. Campbell
DEPUTY CLERK

Civil Action No.: 1:25CV32

COMPLAINT

Preliminary Statement

This is a civil action brought by Plaintiff David Coleman, proceeding pro se, under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., seeking relief for unlawful discrimination, failure to accommodate, retaliation, and unlawful disclosure of medical information by his employer, EarthLink, LLC.

Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 42 U.S.C. 12117(a).

2. Venue is proper pursuant to 28 U.S.C. 1391(b), as the events occurred in Wise County, Virginia.

Parties

3. Plaintiff David Coleman is a resident of Wise County, Virginia and employed by EarthLink, LLC.

4. Defendant EarthLink, LLC is a Delaware limited liability company authorized to do business in Virginia with a registered agent at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

Exhaustion of Remedies

5. Plaintiff filed a timely charge of discrimination with the EEOC, Charge No. 438-2025-01082, and received a Notice of Right to Sue dated April 29, 2025.

Factual Allegations

6. Plaintiff has Type 1 Diabetes and requires flexibility in his work schedule for medical reasons.

7. On September 18, 2024, Plaintiff submitted formal documentation requesting ADA accommodations, including flexible break and lunch times.

8. The request was delayed by HR, and Plaintiff was given a verbal warning on January 7, 2025, for absences linked to his condition while awaiting accommodation approval.

9. On February 27, 2025, Plaintiff's manager, Wes Polly, disclosed Plaintiff's ADA status and medical condition to coworker Travis Berry during a coaching session, describing him as abusing the system and referencing a friend's death from diabetes.

10. On May 1 and May 2, 2025, Plaintiff experienced additional disrespectful treatment by Polly, witnessed by coworkers Travis Berry, Sonja Hill, and Kayla Light.

11. Plaintiff reached out to HR Director Brittney Simmons but was never issued formal ADA accommodation documentation.

12. After continued inaction, Plaintiff escalated the issue to EarthLinks Chief People Officer (CPO), Scott Klinger, leading to four meetings:

  - April 2, 2025, at 4:00 PM (initial follow-up)

  - April 7, 2025, in-person meeting

- April 16, 2025, 11:00 AM (findings discussion)

- April 30, 2025, 11:00 AM (formal apology)

13. Mr. Klinger acknowledged ADA process failures and issued a personal apology, but EarthLink still refused to mediate, denied wrongdoing, and dismissed Plaintiffs concerns despite updating internal policies.

14. Plaintiff suffered emotional and psychological distress, worsened by the lack of formal recognition or redress.

15. No health insurance prevented Plaintiff from seeking mental health care, though friends and family observed his declining mental state.

16. Plaintiff and others were promised pay raises which were never delivered. Only 4 of the original 8 hires remain, all of whom were overburdened and underpaid.

17. Other employees with accommodations (e.g., nursing mothers) were not publicly criticized or disciplined.

## Claims for Relief

### Count I: Failure to Accommodate (ADA)

18. Defendant failed to provide timely, reasonable accommodation despite Plaintiffs documented need.

### Count II: Retaliation (ADA)

19. Plaintiff was retaliated against after requesting accommodation and after initiating legal protection through the EEOC.

### Count III: Disability Discrimination

20. Plaintiff was treated less favorably than non-disabled employees under similar circumstances.

## Count IV: Unlawful Medical Disclosure

21. Defendant violated ADA confidentiality provisions when management publicly disclosed Plaintiffs condition.

## Count V: Emotional Distress

22. Defendant's actions caused documented emotional and psychological harm.

## Count VI: Hostile Work Environment

23. Management created a sustained hostile environment through comments and differential treatment.

## Count VII: Pattern of Unequal Treatment and Retaliation

24. Plaintiff and similarly situated colleagues were overworked, underpaid, and denied opportunities extended to others.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award compensatory damages in the amount of $185,000;

b. Grant a wage adjustment to $19.00/hour;

c. Order EarthLink to formally document accommodations and cease retaliatory actions;

d. Award costs and any other relief the Court deems just and proper.

Respectfully submitted,

David Coleman

5244 Tacoma Mountain Road

Wise, VA 24293

(276) 238-7506

flexfxtv@gmail.com