**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| DAVID COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:25-cv-00032-JPJ-PMS |
| | ) | |
| EARTHLINK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant, Earthlink, LLC ("Earthlink" or "Defendant"), by counsel, submits this Memorandum in Support of its Partial Motion to Dismiss the Complaint filed against it by Plaintiff, David Coleman ("Plaintiff").

## INTRODUCTION

In his Complaint, Plaintiff has attempted to assert claims against Defendant, his current employer, for disability-based discrimination, retaliation, and hostile work environment as well as failure to accommodate under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. and the ADA Amendments Act of 2008 (the "ADA"). In addition, Plaintiff has sought to make claims for unlawful medical disclosure, emotional distress, and unequal treatment. Plaintiff alleges that he is entitled to remedies for these purported violations; however, he does not allege facts that are remotely sufficient to state a plausible claim under the ADA or any other federal or state law. Consequently, the Court should dismiss Plaintiff's Complaint with prejudice.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint in this Court on May 19, 2025. Dkt. No. 1. In his Complaint, Plaintiff asserts the following seven claims: (1) failure to accommodate under the ADA; (2)

retaliation under the ADA; (3) disability discrimination under the ADA; (4) unlawful medical disclosure under the ADA; (5) emotional distress; (6) hostile work environment; and (7) pattern of unequal treatment and retaliation. *Id.* ¶¶ 18-24. Defendant was served with a copy of the Complaint and Summons on June 4, 2025. Dkt. No. 6.

## FACTUAL ALLEGATIONS

Plaintiff is an employee of Defendant who has type one diabetes. Dkt. No. 1, ¶ 3. In September 2024, Plaintiff requested accommodations, "including flexible break and lunch times." *Id.* ¶ 7. Plaintiff claims that his accommodation request was delayed by Defendant's Human Resources Department, but does not allege that his accommodation request was ever denied by Defendant. *Id.* ¶ 8. Approximately four months after Plaintiff submitted his accommodation request, Plaintiff claims he was "given a verbal warning . . . for absences linked to his condition while awaiting accommodation approval." *Id.* ¶ 8. Plaintiff does not allege, however, that his absences or other attendance-related issues were included in included in the accommodation request he submitted in September 2024. *See Id.* ¶¶ 1-24.

On February 27, 2025, Plaintiff alleges that his manager, Wes Polly, disclosed his medical condition to a coworker and described Plaintiff "as abusing the system and referencing a friend's death from diabetes." *Id.* ¶ 9. On March 14, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. *See* Exhibit A. In his Charge, Plaintiff alleged disability discrimination, hostile work environment, failure to accommodate, and unlawful disclosure of a medical condition. *Id.* Plaintiff did not allege that he suffered retaliation on the basis of his disability or his accommodation request in his Charge. *Id.*

A few days after filing his Charge, Plaintiff alleges "[he] escalated the issue to [Defendant's] Chief People Officer (CPO), Scott Klinger, [which] lead[] to four meetings." Dkt. No. 1, ¶ 12. Plaintiff claims that he and Klinger met privately on four separate occasions throughout April 2025. *Id*. During their fourth and final meeting, Klinger allegedly acknowledged ADA process failures, apologized to Plaintiff, and updated Defendant's policies. *Id*. ¶ 13. Despite updating its internal policies, however, Plaintiff claims Defendant refused to mediate, denied wrongdoing, and dismiss his concerns. *Id*. On April 29, 2025—one day prior to his final meeting with Klinger—Plaintiff received a Notice of Right to Sue letter from the EEOC. *Id*. ¶ 5. Also interspersed within Plaintiff's Complaint is the allegation that Polly treated him in a disrespectful manner in front of three of his coworkers on May 1 and 2, 2025. *Id*. ¶ 10.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The mere theoretical possibility of relief is not sufficient. Plausibility requires factual allegations sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The sufficiency of a complaint must be tested according to two principles. First, while a court must accept all factual allegations as true, legal conclusions are not entitled to the assumption of truth. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, the court must determine whether the complaint states a

plausible claim for relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations and citations omitted).

This motion challenges the legal sufficiency of Plaintiff's claims against Earthlink. To survive dismissal, Plaintiff's Complaint must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. Plaintiff cannot meet that standard by characterizing his own legal conclusions as fact. *Id*. That is because the question here is whether her *factual* allegations properly state a claim against Earthlink upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). And while the Court should view the Complaint in the light most favorable to Plaintiff, the non-moving party, the Court is not bound by his legal conclusions or any factual allegations that are not well-pled. *Iqbal*, 556 U.S. at 678; *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## ARGUMENT

### I. Plaintiff Fails to State a Claim for Failure to Accommodate under the ADA.

Plaintiff's claim for failure to accommodate under the ADA fails and should be dismissed. To state a failure to accommodate claim under the ADA, "a plaintiff must show that (1) he suffers a disability; (2) his employer had notice of the disability; (3) with reasonable accommodations, he is otherwise qualified to perform the employment position in question; and (4) his employer refuses to make such reasonable accommodations." *Murphy v. Cnty. of New Hanover*, No. 21-1471, 2021 U.S. App. LEXIS 30275, at *2 (4th Cir. Oct. 8, 2021) (citing *Wilson v. Dollar Gen.*

*Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)). Plaintiff's failure to accommodate claim fails because he has not alleged facts sufficient to satisfy the third and fourth elements of such a claim.

With regard to the third element, Plaintiff fails to allege the requisite facts necessary to state a plausible claim for relief. Plaintiff only alleges that he "has type 1 diabetes and requires flexibility in his work schedule for medical reasons," which is why his accommodation request included having "flexible break and lunch times." Dkt. No. 1, ¶¶ 6-7. Nowhere in his Complaint, however, does Plaintiff allege that he was capable of performing the essential functions of his job with a reasonable accommodation. In fact, Plaintiff does not even identify what the essential functions of his job are or how the requested accommodation would help him fulfill those functions. While Plaintiff alleges that he requested accommodations for flexible break and lunch times, he fails to allege how those requested accommodations, if granted, would have allowed him to perform the essential functions of his job. Indeed, Plaintiff's failure to allege that he could have performed the essential functions of his position if Defendant had provided him the particular accommodation he had requested—or any reasonable accommodation for that matter—is fatal to his failure to accommodate claim.

Plaintiff also fails to establish the fourth element of his failure to accommodate claim. Although Plaintiff alleges that "Defendant failed to provide [a] timely, reasonable accommodation," he does not allege that Defendant failed or refused to provide him with an accommodation. Dkt. No. 1, ¶ 18. Nor does he allege that Defendant completely ignored any such request for an accommodation or failed to engage in the interactive process with him regarding his request for an accommodation. Without additional facts alleging that Defendant declined or otherwise failed to provide Plaintiff with an accommodation, Plaintiff cannot satisfy the fourth element of his failure to accommodate claim. *Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp.

2d 963, 980-81 (E.D. Va. 2012) (dismissing failure to accommodate claim where the plaintiff did "not allege that [the employer[ failed to engage in [the interactive] process with her . . . nor . . . allege that that such a request [for an accommodation] was ever denied").

Moreover, the fact that Defendant did not immediately provide Plaintiff with an accommodation does not equate to failing to accommodate Plaintiff altogether. Plaintiff alleges that he submitted his accommodation request on September 18, 2024 and that the request was "delayed" by Defendant's Human Resources Department. Dkt. No. 1, ¶¶ 7-8. Plaintiff does not allege, however, that Defendant failed to provide him the requested accommodation(s) or otherwise allege how long it took Defendant to provide the requested accommodation(s). In determining whether a delay was unreasonable and, thus, may constitute a denial of an accommodation, "courts consider the totality of the circumstances, including factors such as whether the employer acted in good faith, the length of the delay, the reasons for the delay, the nature of the disability and accommodation, and whether the employer provided interim or alternative accommodations." *Williams v. Fairfax Cnty.*, Civil Action No. 1:21-cv-598, 2022 U.S. Dist. LEXIS 115445, at *23 (E.D. Va. June 29, 2022) (quoting *Davis v. Wilkie*, No. 3:18-2385-MGL-PJG, 2020 U.S. Dist. LEXIS 238301, at *12 (D.S.C. Oct. 7, 2020)).

Here, Plaintiff does not even allege how long the purported delay was or whether Defendant provided any reasons for the delay. He also fails to allege that the delay caused any tangible harm or prevented him from performing the essential functions of his job. In sum, Plaintiff does not allege any facts showing that the purported delay was so prolonged or unreasonable as to amount to a constructive denial. Without more, such a generalized complaint about the timing of an accommodation is insufficient to satisfy the fourth element of failure to accommodate claim.

Consequently, to the extent Plaintiff's claim rests solely on the purported delay, it is insufficient and should be dismissed.

**II. Plaintiff Fails to State a Claim for Retaliation under the ADA.**

Prior to initiating an ADA-related retaliation claim in court, Plaintiff must file a charge of discrimination with the EEOC and exhaust his administrative remedies. *Burton v. Maximus Fed.*, Civil Action No. 3:20cv955, 2021 U.S. Dist. LEXIS 64637, at *6 (E.D. Va. Apr. 1, 2021); *Sydnor v. Fairfax County*, 681 F.3d 591, 593 (4th Cir. 2012). In any subsequent litigation, the administrative charge limits the scope of the claims that can be brought to the court. *Id*. (citing *Sullivan v. Perdue Farms, Inc.*, 133 F. Supp. 3d 828, 834 (E.D. Va. 2015)). Any allegations that fall outside the scope of the EEOC Charge will be barred. *Id*.

In this case, Plaintiff did not raise any claim that Defendant unlawfully retaliated against him on the basis of his disability or request for an accommodation. He neither checked the box for retaliation on his Charge of Discrimination Form nor did he specifically mention or refer to retaliation. *See* Ex. A. However, for the first time in his Complaint, Plaintiff raises an ADA retaliation claim based on his request for an accommodation. *See* Dkt. No. 1. Plaintiff's failure to raise a retaliation claim based on his request for an accommodation in his Charge is dispositive of this claim. Because Plaintiff did not identify the retaliation claim in his Charge, he has failed to exhaust his administrative remedies with respect to the retaliation claim and is barred from asserting it in this litigation. For this reason alone, the Court should dismiss his retaliation claim with prejudice.

Even if Plaintiff had asserted a retaliation claim in his Charge, the claim would still be subject to dismissal because he has not alleged sufficient facts to satisfy the elements of a retaliation claim. To state a claim for retaliation under the ADA, Plaintiff must plead facts

sufficient to plausibly show "(1) [that] he has engaged in conduct protected by the ADA; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action." *Cash v. Magic City Motor Corp.*, Civil Action No. 7:16-CV-00192, 2017 U.S. Dist. LEXIS 8128, at *21 (W.D. Va. Jan. 20, 2017) (citing *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002)). Here, Plaintiff's retaliation claim fails because he does not allege that he suffered any materially adverse action subsequent to engaging in protected conduct and does not allege any causal connection between the protected activity and any adverse action.

For retaliation claims, an adverse action must be materially adverse, meaning it would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006). The resulting harm must be a "'significant detriment,'" and not "'relatively insubstantial or' trivial.'" *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015). Plaintiff does not offer any facts to support his conclusory allegation that he "was retaliated against after requesting accommodation and after initiating legal protection through the EEOC." Dkt. No. 1, ¶ 19. He does not specify any type of adverse action he was subjected to subsequent to his request for accommodation or his filing of an EEOC Charge. Indeed, this is the type of speculative and conclusory allegation that is insufficient to state a claim for retaliation.

Nevertheless, assuming the Court will construe the Complaint liberally, the following could be construed instances of alleged retaliation following Plaintiff's request for an accommodation: (1) Plaintiff being issued "a verbal warning on January 7, 2025, for absences linked to his condition while awaiting accommodation approval;" (2) Polly disclosing Plaintiff's medical condition to a coworker and describing Plaintiff "as abusing the system" on February 27,

2025; and (3) Polly subjecting Plaintiff to "disrespectful treatment in front of three of Plaintiff's coworkers on May 1 and 2, 2025. Even assuming the above-alleged conduct could be interpreted as related to Plaintiff's retaliation claim, none of these alleged actions rise to the level of materially adverse action.

The verbal warning that Plaintiff claims he received on January 7, 2025, does not constitute materially adverse action. The verbal warning cannot serve as the basis for Plaintiff's retaliation claim because Plaintiff does not allege that the individual who issued the warning had knowledge of the protected activity Plaintiff engaged in—making an accommodation request. Furthermore, verbal warnings are routinely found to be insufficient for advancing a retaliation claim. In fact, "courts in this circuit have repeatedly held that . . . reprimands . . . do not constitute materially adverse action." *Harris v. Herring*, Civil Action No. 3:20-cv-96, 2021 U.S. Dist. LEXIS 6457, at *17-18 (E.D. Va. Jan. 12, 2021); *See Adams*, 789 F.3d at 429-31 (affirming a grant of summary judgment upon concluding that "neither the written nor the verbal reprimands qualify as adverse employment actions, because they did not lead to further discipline."); *Wilson v. City of Chesapeake*, 290 F. Supp. 3d 444, 462 (E.D. Va.), aff'd, 738 F. App'x 169 (4th Cir. 2018) ("a reprimand, without some collateral consequence, cannot be an adequate basis for a retaliation claim."); *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 832 (E.D. Va. 2016) (finding that "reprimands without collateral consequences are akin to non-actionable snubbing, antipathy, and petty slights. They cause no detriment - employment-related or otherwise - besides the bruised feelings which 'all employees experience' on occasion.").

The alleged disclosure of Plaintiff's medical condition by Polly to a coworker also cannot serve as the basis for Plaintiff's retaliation claim because he fails to allege that Polly was aware of his request for an accommodation. Even if we assume Polly had knowledge of Plaintiff's



26682\0002\12706918v2

accommodation request, for arguments sake, the disclosure of Plaintiff's medical condition is not an adverse employment action. An adverse employment action typically involves a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). The mere disclosure of Plaintiff's accommodation request, absent some materially adverse consequence to the terms and conditions of employment, does not rise to the level of an adverse employment action.

Here, Plaintiff merely alleges that Polly disclosed his medical condition to one other colleague in the workplace. He does not allege that this disclosure resulted in any form of materially adverse change to the terms or conditions of his employment. Consequently, without such consequences, the disclosure does not constitute adverse action sufficient to support Plaintiff's retaliation claim.

The only above-instance that Plaintiff alleges occurred after he filed his EEOC Charge on April 29, 2025, is the "disrespectful treatment" by Polly, which he claims occurred on May 1 and 2, 2025. To the extent he claims this as the adverse action for the basis of his retaliation claim, it fails for two reasons. First, Plaintiff fails to allege that Polly was aware that he filed an EEOC Charge a mere two days before he allegedly treated him disrespectfully. Second, the alleged "disrespectful treatment" was clearly an isolated incident, as it is alleged to have occurred only twice, and can generally be considered nothing more than "petty slights, minor annoyances, and [a] simple lack of good manners, which do not qualify as materially adverse employment actions in the retaliation context. *Hinton*, 185 F. Supp. 3d at 811. All considered, none of the conduct or actions alleged in the Complaint qualifies as materially adverse action.

Not only has Plaintiff failed to demonstrate that Defendant took any materially adverse action against him, but even if he did so, he fails to establish a causal link between the alleged actions and his protected activity. To demonstrate a causal connection for a retaliation claim, the Plaintiff must either: (1) establish that "the adverse act bears sufficient temporal proximity to the protected activity" or (2) "establish the existence of other facts that alone, or in addition to temporal proximity, suggests that the adverse employment action occurred because of the protected activity." *Johnson v. UPS*, 839 F. App'x 781, 784 (4th Cir. 2021).

Here, Plaintiff merely alleges that certain actions occurred on or around specific dates, without providing additional facts to suggest that they were caused by his protected activity. Aside from mere speculation, Plaintiff fails to proffer any link between his request for an accommodation and any adverse action. And Plaintiff's single conclusory allegation that he "was retaliated against after requesting [an] accommodation and after initiating legal protection through the EEOC" is an insufficient allegation in and of itself to survive dismissal.

Plaintiff also cannot establish a causal connection by temporal proximity alone because of the significant gap in time between Plaintiff's accommodation request and the conduct of which he complains. Although there is no bright-line rule, courts within the Fourth Circuit have held that "a lapse of three to four months between the employer's knowledge of protected activity and the alleged retaliation 'is too long to establish a causal connection by temporary proximity alone.'" *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) (quoting *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006); Horne v. Reznick Fedder & Silverman, 154 F. App'x 361, 364 (4th Cir. 2005) (holding absent a causal connection "a lapse of two months between the protected activity and the adverse action is sufficiently long so as to weaken significantly the inference of causation") (internal citations and quotation marks omitted).

Here, the earliest conduct alleged to have occurred is approximately fourth months removed from Plaintiff's request for an accommodation. Given the significant temporal gap between Plaintiff's protected activity and the alleged retaliatory conduct, along with the absence of additional facts to demonstrate a causal link, Plaintiff's retaliation claim also fails for lack of causation.

**III. Plaintiff Fails to State a Claim for Disability Discrimination.**

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013). To establish a claim for disability discrimination under the ADA, the plaintiff "must allege that (1) []he had a disability as defined in the ADA; (2) []he was a qualified individual, i.e., able to perform the essential functions of h[is] job with or without reasonable accommodation; and (3) h[is] employer took an adverse action against h[im] on account of h[is] disability." *Craddock v. Lincoln Nat'l Life Ins. Co.*, 533 F. App'x 333, 336 (4th Cir. 2013) (internal quotation marks omitted).

Similar to his claim for failure to accommodate, Plaintiff's disability discrimination claim fails at the outset because he has not alleged that he was able to perform the essential functions of his job with or without a reasonable accommodation. The absence such an allegation necessitates the dismissal of his disability discrimination claim. While Plaintiff alleges that he requested an accommodation, including flexible break and lunch times, he fails to allege how those accommodations, if granted, would have allowed him to perform the essential functions of his position. Consequently, Plaintiff has not pled facts sufficient to establish that he was a qualified individual under the ADA.

Even if he had plausibly alleged he was able to perform the essential functions of his job with or without a reasonable accommodation, Plaintiff's discrimination claim would still fail because he has not alleged that Defendant took adverse action against him solely because of his alleged disability. The ADA requires Plaintiff to show that the disability was the but-for cause of the adverse action. *See Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 234 (4th Cir. 2016).

Here, Plaintiff does not assert any facts to establish a causal connection between his disability and any adverse action. He vaguely asserts that he "was treated less favorably that non-disabled employees under similar circumstances," but he does not elaborate on this conclusory statement or plead facts sufficient to support such an allegation. Dkt. No. 1, ¶ 20. He also does not identify any of the purported "non-disabled employees" who are treated more favorably or explain how these employees are similarly situated to him.

Not only does Plaintiff fail to allege facts to support an inference that he was somehow treated less favorably than non-disabled employees, but he also does not allege facts that plausibly support an inference that he was subjected to any adverse action on account of his disability. Plaintiff alleges that he received a verbal warning on January 7, 2025 for absences; however, he does not allege that the individual who issued the verbal warning was aware of his disability. Plaintiff also alleges that his manager subjected him to "disrespectful treatment" in front of his coworkers, but he does not allege that the "disrespectful treatment" was related to or otherwise occurred because of his disability. Regardless, as argued on Plaintiff's retaliation claim, neither verbal warnings nor isolated, sporadic incidents involving disrespectful treatment constitute adverse employment action. *Hinton*, 185 F. Supp. 3d at 819-32; *Adams*, 789 F.3d at 429.

As it relates to the disclosure of his medical condition to a colleague, Plaintiff fails to allege that Polly knew of his condition or was otherwise aware of his request for an accommodation. Even if we assume Polly had knowledge of Plaintiff's medical condition for arguments sake, the disclosure of Plaintiff's medical condition is not an adverse employment action. An adverse employment action typically involves a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). The mere disclosure of an employee's medical condition or disability, absent some materially adverse consequence to the terms and conditions of employment, does not rise to the level of an adverse employment action.

Here, Plaintiff merely alleges that Polly disclosed his medical condition to one other colleague in the workplace. He does not allege that this disclosure resulted in any form of materially adverse change to the terms or conditions of his employment. Consequently, without such consequences, the disclosure does not constitute adverse action sufficient to support Plaintiff's disability discrimination claim.

Furthermore, the allegations in Plaintiff's Complaint do not rule out that his perception of favored treatment for "non-disabled employees under similar circumstances" could be attributable to a number of varying reasons, none of which are inherently discriminatory. Plaintiff is essentially requesting that the Court infer that the less favorable treatment of which he alleges occurred because of his disability, but provides no factual basis to give rise to such an inference.

All considered, Plaintiff does not plead facts sufficient to support a claim for disability discrimination, and "[o]nly speculation can fill the gaps in [his] complaint." *McCleary-Evans v.*

*Md. Dep't of Transp.*, 780 F.3d 582, 586 (4th Cir. 2015). Consequently, Plaintiff fails to state a claim for disability discrimination under the ADA.

**IV. Plaintiff Fails to State a Claim for Unlawful Medical Disclosure.**

Plaintiff's unlawful medical disclosure claim fails because he does not allege that Defendant obtained information related to his medical condition in a manner protected by the ADA. "The ADA requires employers not to disclose medical information obtained through an entrance exam or as a result of a disability-related inquiry, even if the employee is not disabled." *Montano v. INOVA Health Care Servs.*, No. 1:08cv565 (GBL), 2008 U.S. Dist. LEXIS 93042, at *19 (E.D. Va. Nov. 12, 2008) (citing 42 U.S.C.A. §12112(d)(3)(B)); *Wiggins v. DaVita Tidewater, LLC*, 451 F. Supp. 2d 789, 801 (E.D. Va. 2006). Information that is voluntarily disclosed by the employee, however, is not protected by the ADA. *Dedrick v. Abilene Motor Express, Inc.*, No. 1:21CV00027, 2021 U.S. Dist. LEXIS 215573, at *19 (W.D. Va. Nov. 8, 2021) (citing *Wiggins*, 451 F. Supp. 2d at 801. Here, Defendant could not have violated the ADA because Plaintiff voluntarily disclosed information related to his medical condition to Defendant.

In support of his unlawful medical disclosure claim, Plaintiff alleges that "Defendant violated the ADA confidentiality provisions when management publicly disclosed [his] condition." Dkt. No. 1, ¶ 21. At no point, however, does Plaintiff allege that Defendant obtained any of his medical information through an entrance exam or disability-related inquiry. Rather, he admits that Defendant only obtained information related to his medical condition when he voluntarily "submitted formal documentation requesting ADA accommodations" related to his type 1 diabetes on September 18, 2024. Dkt. No. 1, ¶¶ 6-7. Then, more than five months later, Plaintiff claims that Polly disclosed his medical condition to a coworker.

Plaintiff's claim fails at the outset because he does not allege that Defendant obtained information concerning his medical condition through an entrance exam or disability-related inquiry. On the contrary, he actually admits he voluntarily disclosed the information when he made his accommodation request. Consequently, the confidentiality protections under the ADA are not even applicable to any of the information Plaintiff shared with Defendant.

Plaintiff's claim also fails because he does not allege facts to show that Defendant disclosed his medical information. All that he alleges is that he shared his medical condition with Defendant when he submitted his accommodation request, and that over five months later Polly made a comment about Plaintiff's medical condition to a coworker. This is similar to the unlawful disclosure allegation that was raised in *Montano*, in which the plaintiff alleged that the fact that her co-workers made comments that indicated awareness that she had undergone a medical procedure demonstrated that her employer had disclosed the details of her confidential medical information within the office. 2008 U.S. Dist. LEXIS 93042 at *4-5, 20-21. The district court dismissed *Montano*'s unlawful disclosure allegation upon concluding that "[h]er accusation of wrongful discharge is based wholly on speculation." *Id*. at *20-21.

Like the plaintiff in *Montano*, Plaintiff's unlawful disclosure allegation "is based wholly on speculation" as he does not allege facts that establish that Defendant disclosed his medical information to Polly, or that Polly had actual knowledge of his condition or was otherwise aware of any of the medical information Plaintiff had shared with Defendant. Even if Plaintiff could establish his medical information was disclosed by Defendant, such disclosure would not violate the ADA because it was not the result of a medical examination ordered by Defendant or disability-related inquiry initiated by Defendant, but rather of a voluntary disclosure that Plaintiff made to Defendant.

## V. Plaintiff Fails to State a Claim for Emotional Distress.

Construed liberally, Plaintiff's claim, at most, could be construed as alleging Defendant negligently or intentionally caused emotional distress. Even then, such claims would be subject to dismissal because Plaintiff fails to allege facts that, if taken as true, meet the high threshold required to establish either an intentional or negligent infliction of emotional distress claim under Virginia law.

To state a claim for intentional infliction of emotional distress under Virginia law, a plaintiff must satisfy the following four elements: "(1) the wrongdoer's conduct was intentional or reckless. (2) the conduct was outrageous or intolerable. (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress, and (4) the resulting emotional distress was severe." *Quinteros v. Burlington Coat Factory Warehouse Corp.*, Civil Action No. 1:20-cv-00452, 2020 U.S. Dist. LEXIS 226142, at *5 (E.D. Va. Oct. 24, 2020) (citing *Almy v. Grisham*, 273 Va. 68, 77 (2007)). Accordingly, a plaintiff must satisfy each of the foregoing elements to withstand a motion to dismiss.

Here, Plaintiff has made general and conclusory allegations that the Court need not take as true. Even if the facts alleged in the Complaint are taken as true, however, Plaintiff still fails to allege facts sufficient to satisfy the requisite elements for an intentional infliction of emotional distress claim. Specifically, Plaintiff fails to allege any facts that support his assertion that Defendant intended to inflict emotional distress on him, allege facts showing that Defendant's alleged conduct was outrageous or intolerable, provide or explain any connection between the actions of Defendant and his alleged emotional distress, or identify the type of emotional distress he allegedly suffered. Therefore, Plaintiff has failed to allege facts sufficient to establish a claim for intentional infliction of emotional distress.

Even if Plaintiff's "emotional distress" claim is construed as a negligent infliction of emotional distress claim, it similarly fails. "Under Virginia law, when alleging negligent infliction of emotional distress, Plaintiffs cannot recover for claims of emotional disturbance alone." *Elrod v. Busch Entm't Corp.*, No. 4:09cv164, 2010 U.S. Dist. LEXIS 139988, at *7-8 (E.D. Va. Dec. 13, 2010) (citing Hughes v. Moore, 214 Va. 27, 34 (1973)). "Thus, to sustain a claim of negligent infliction of emotional distress in the absence of 'physical impact,' the plaintiff must show that he or she suffered a 'physical injury' and that the 'physical injury was the natural result of fright or shock proximately caused by the defendant's negligence.'" *Dao v. Faustin*, 402 F. Supp. 3d 308, 321 (E.D. Va. 2019) (quoting *Hughes*, 214 Va. at 34).

Here, Plaintiff has not alleged facts showing that he suffered any "physical injury" resulting from the emotional distress he alleges has been caused by Defendant's actions. Accordingly, Plaintiff has also failed to allege facts sufficient to establish a claim for negligent infliction of emotional distress.

**VI. Plaintiff Fails to State a Claim for Hostile Work Environment.**

Plaintiff's hostile work environment claim must also be dismissed for a variety of reasons. "A hostile [work] environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To establish a claim for hostile work environment under the ADA, a plaintiff must allege facts to show: "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5)

some factual basis exists to impute liability for the harassment to the employer." *Fox v. GMC*, 247 F.3d 169, 177 (4th Cir. 2001). Here, Plaintiff has not alleged facts sufficient to establish that the purported harassment was premised upon his disability or that such harassment was severe or pervasive.

Plaintiff offers no facts to support his conclusory allegation that any of the alleged harassment was based on or related to his purported disability. The only allegation in Plaintiff's Complaint that is tied directly to his hostile work environment claim is the allegation that "[m]anagement created a[nd] (sic) sustained [a] hostile work environment through comments and differential treatment." Dkt. No. 1, ¶ 23. He fails to specify or elaborate on the type of "comments and differential treatment" that management subjected him to that he deemed to be harassing or that created a hostile work environment. Such a speculative and conclusory assertion is insufficient to state a claim on which relief may be granted. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585-86 (4th Cir. 2015) (affirming dismissal of complaint making only conclusory and speculative assertions of discrimination).

Construing the Complaint liberally, Plaintiff's allegations concerning the following conduct could be construed as part of the harassing conduct underlying his hostile work environment claim: (1) Plaintiff being issued "a verbal warning on January 7, 2025, for absences linked to his condition while awaiting accommodation approval; (2) Polly disclosing Plaintiff's medical condition to a coworker and describing Plaintiff "as abusing the system" on February 27, 2025; (3) Polly subjecting Plaintiff to "disrespectful treatment in front of three of Plaintiff's coworkers on May 1 and 2, 2025; and (4) the purported delay in his request for an accommodation; and (5) Plaintiff being "treated less favorably than non-disabled employees under similar circumstances." Even assuming the above-alleged conduct could be interpreted as related to

Plaintiff's hostile work environment claim, they cannot amount to conduct that creates a hostile work environment.

"To recover on a hostile environment claim, a plaintiff must demonstrate not only that he subjectively perceived his workplace environment as hostile, but also that a reasonable person would so perceive it, i.e., that it was objectively hostile." *Fox*, 247 F.3d at 178. This element "has both subjective and objective components." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175-76 (4th Cir. 2009). With regard to the objective component, the court "must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. To clear this "high bar in order to satisfy the severe or pervasive test," Plaintiff "must show that the environment was pervaded with discriminatory conduct 'aimed to humiliate, ridicule, or intimidate,' thereby creating an abusive atmosphere.'" *Id*. at 176 (quoting *Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 695 (4th Cir. 2007)).

Although it is unclear what alleged actions Plaintiff believes created a hostile work environment, the above-referenced conduct generally alleged in his Complaint is not harassment that inflicted the kind of humiliation, ridicule, or intimidation that generally characterizes severe or pervasive harassment. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 209 (4th Cir. 2019); *Buchhagen v. ICF International, Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013). Indeed, Plaintiff's vague assertions are not sufficiently specific to provide any basis to conclude that he was subjected to an offensive or hostile work environment.

Moreover, Plaintiff has not alleged that any of the above-referenced conduct unreasonably interfered with his work performance or that he was physically threatened or humiliated by the

conduct at issue. *See Newell v. Carter Bank & Tr.*, Civil Action No. 4:21-cv-007, 2022 U.S. Dist. LEXIS 45720, at *25-26 (W.D. Va. Mar. 15, 2022) (concluding that the "words and actions by employees and management" did not "demonstrate a hostile work environment because Newell [did] not allege that her job performance suffered because of the environment created by management . . . [n]or [did] Newell allege that she was physically threatened or humiliated in a way that crated a severely hostile atmosphere."). Since Plaintiff has "not state[d] that more than mere speculative minor harm [may have] occurred, or that [his] job performance was affected, [Plaintiff's] [] hostile work environment claim must be dismissed." *Id.* at *26.

In sum, Plaintiff has not come anywhere close to providing allegations that he was subjected to a workplace that was "permeated with discriminatory intimidation, ridicule, and insult" directed at him because of his disability. *Boyer-Liberto*, 786 F.3d at 277. Accordingly, Plaintiff has failed to allege the kind of severe or pervasive harassment needed to establish a hostile work environment claim.

## VII. Plaintiff Fails to State a Claim for Unequal Treatment.

The final claim asserted by Plaintiff in his Complaint is for a "pattern of unequal treatment and retaliation." Dkt. No. 1, ¶ 24. Specifically, Plaintiff alleges that he and other "similarly situated colleagues were overworked, underpaid, and denied opportunities extended to others." *Id*. This claim, like all of Plaintiff's other claims, is subject to dismissal.

There are simply no allegations in Plaintiff's Complaint related to the treatment of any comparators, which is necessary for this claim of unequal treatment. Plaintiff has failed to plead any factual allegations to suggest that he or any of his colleagues were treated differently from similarly-situated employees outside of any protected class. For these reasons, as well as those set

forth in other sections of this Memorandum, Plaintiff's claim for unequal treatment should be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss, enter an order dismissing Plaintiff's Complaint with prejudice, and award any further relief this Court deems fair and just.

EARTHLINK, LLC

By: *<u>/s/ Harrison E. Richards</u>*

Paul G. Klockenbrink (VSB No. 33032)
Harrison E. Richards (VSB No. 94960)
GENTRY LOCKE ATTORNEYS
10 Franklin Road, S.E., Suite 900
Roanoke, Virginia 24011
Telephone: (540) 983-9300
Facsimile: (540) 983-9400
Email: klockenbrink@gentrylocke.com
hrichards@gentrylocke.com

*Counsel for Defendant*
*Earthlink, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. The foregoing was also sent on June 26, 2025 via first-class mail and certified mail, postage prepaid, to:

David Coleman
5244 Tacoma Mountain Road
Wise, VA 24293

*Plaintiff – pro se*

*/s/ Harrison E. Richards*
*Counsel for Defendant*
*Earthlink, LLC*