**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

DAVID COLEMAN,                      )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )        Case No.: 1:25-cv-00032-JPJ-PMS
                                    )
EARTHLINK, LLC,                     )
                                    )
      Defendant.                    )

**REPLY MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Earthlink, LLC ("Earthlink" or "Defendant"), by counsel, submits this Reply

Memorandum in Support of its Motion to Dismiss the Complaint filed against it by Plaintiff, David

Coleman ("Plaintiff").

**ARGUMENT**

In an attempt to avoid dismissal, Plaintiff improperly relies on factual assertions raised for

the first time in his Opposition Memorandum—assertions that are not contained within the four

corners of his Complaint. This tactic is unavailing. Plaintiff cannot revive his deficient Complaint

through new factual assertions and arguments made in response to Defendant's Motion to Dismiss.

Plaintiff also repeatedly requests for leniency due to his *pro se* status. Despite his requests,

however, his pro se status cannot excuse his failure to meet the minimum pleading standards under

federal law. Even when liberally construed, Plaintiff's Complaint is devoid of factual allegations

that would plausibly support any cognizable claim for relief. Accordingly, Plaintiff's Complaint

must be dismissed.

**I.     Plaintiff Fails to Allege Facts Sufficient to State Claims for Discrimination, Retaliation, Failure to Accommodate, or Hostile Work Environment Under the ADA.**

Plaintiff's discrimination, retaliation, hostile work environment, and failure to accommodate claims under the Americans with Disabilities Act ("ADA") must be dismissed for the reasons set forth in Defendant's opening Memorandum as well as those set forth more fully below.

**A. *Retaliation Claim*.**

Plaintiff's claim for retaliation fails because he has not, and cannot, establish the necessary causal connection between his alleged protected activity—requesting an accommodation—and the alleged adverse action—a verbal warning for being absent from work. Specifically, Plaintiff admits that the only accommodation he requested was to have flexibility in the timing of his breaks and lunch period. He does not allege that he requested any modification to his work attendance requirements or that he sought any form of leave or attendance-related accommodation. Thus, the verbal warning he allegedly received for absenteeism could not have been related to his accommodation request and cannot form the basis of a viable ADA discrimination or retaliation claim. Even if Plaintiff could establish that the verbal warning was connected to his accommodation request, which he cannot, the issuance of a verbal warning does not qualify as an adverse employment action because it did not lead to any further discipline. *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 429-431 (4th Cir. 2015) (affirming a grant of summary judgment upon concluding that "neither the written nor the verbal reprimands qualify as adverse employment actions, because they did not lead to further discipline.").

To the extent Plaintiff alleges the purported disclosure of his medical condition by his supervisor to a coworker or allegedly being treated disrespectfully in front of colleagues, his retaliation claim similarly fails. As argued in its opening Memorandum, disclosure of Plaintiff's

2

medical condition does not rise to the level of a materially adverse employment action because the purported disclosure and subsequent discussion by his supervisor and a coworker do not constitute a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). Additionally, the alleged "disrespectful treatment" was an isolated incident, as it is alleged to have occurred only once or twice, and does not rise to the level of an adverse employment action. *Couch v. City of Va. Beach*, No. 2:22CV196, 2025 U.S. Dist. LEXIS 37939, 2025 WL 672733, at *7 (E.D. Va. Mar. 3, 2025) (finding "changed job duties, work criticism, missed meetings, unprofessional behavior, rude comments from a supervisor, and the like, fall far short of constituting adverse employment actions.").

Moreover, Plaintiff has not pled any facts suggesting that the alleged "disrespectful treatment" was in any way connected to his accommodation request or the filing of his EEOC Charge. He does not allege that his supervisor, Wes Polly, even knew he had requested an accommodation or filed an EEOC Charge—a prerequisite to any plausible inference of retaliatory motive. Without allegations of knowledge, his retaliation claim fails. Accordingly, Plaintiff's retaliation claim is both factually unsupported and legally deficient and should be dismissed.

### B. Failure to Accommodate Claim.

Second, Plaintiff's claim for failure to accommodate fails because he has not alleged, and cannot allege, that Defendant failed or refused to provide the accommodation he requested. Plaintiff's merely states that he requested an accommodation on or around September 18, 2024, and that the requested accommodation had not yet been provided by January 7, 2025. This limited delay of less than four months does not, by itself, support a viable claim for failure to accommodate

26682\0002\12742639v1

under the ADA. *See Smith v. CSRA*, 12 F.4th 396, 415 (4th Cir. 2021) ("[a] relatively short delay of a few weeks (or even a few months) in approving a request [for an accommodation] typically does not support [] a [failure to accommodate] claim."). Particularly in the absence of any allegation that Defendant ultimately denied the accommodation or acted in bad faith during the interactive process. *Murphy v. Cnty. of New Hanover*, No. 21-1471, 2021 U.S. App. LEXIS 30275, at *4 (4th Cir. Oct. 8, 2021) (affirming summary judgment on plaintiff's failure to accommodate claim "failed to establish a bad faith failure to engage in the interactive process.").

Plaintiff fails to allege that Defendant ever denied his requested accommodation or that the purported delay in providing him with the requested accommodation was unreasonable. He also does not allege that Defendant failed to engage in the interactive process or acted in bad faith during that process. Accordingly, Plaintiff's failure to accommodate claim must be dismissed.

### C. Discrimination Claim.

Plaintiff's disability discrimination claim fails because he has not, and cannot, establish that Defendant subjected him to any adverse action because of his disability. His claim also fails because he does not adequately allege that he could perform the essential functions of his job with or without a reasonable accommodation. To make out a prima facie case of disparate treatment on the basis of his disability under the ADA, Plaintiff must demonstrate that: "(1) he has a disability, (2) he is a qualified individual, and (3) his employer took an adverse employment action against him because of his disability." *Sturgill v. Norfolk S. Ry. Co.*, 391 F. Supp. 3d 598, 603 (E.D. Va. 2019) (citing *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir. 1997)) (internal quotation marks omitted). As recounted above, none of the purported conduct that Plaintiff alleges Defendant engaged in after he disclosed his disability rises to the level of adverse employment action.

26682\0002\12742639v1

Additionally, Plaintiff has not adequately alleged that he could perform the essential functions of his job with or without a reasonable accommodation. As this Court has previously held, "he must at a minimum allege the duties of his job and that he was capable of performing them." *Martin v. Wal-Mart Assocs.*, No. 1:20CV00010, 2020 U.S. Dist. LEXIS 238617, at *6 (W.D. Va. Dec. 18, 2020) (Jones, J.) (granting motion to dismiss on plaintiff's ADA discrimination claim because the plaintiff failed to provide "any details about the essential functions of his position, how his disabilities affected his ability to perform those essential functions, or how reasonable accommodations might have helped him to perform those functions."). For both of these reasons, Plaintiff has failed to demonstrate that his discrimination claim is plausible on its face.

### D. Hostile Work Environment Claim.

Plaintiff's hostile work environment claim similarly fails because has not alleged facts sufficient to establish that the purported harassment was severe or pervasive. To determine whether the purported conduct is objectively severe or pervasive, the Court should look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Okoli v. City of Balt.*, 648 F.2d 216, 222 (4th Cir. 2011). The Fourth Circuit has repeatedly recognized that "complaints premised on nothing more than rude treatment by coworkers, callous behavior by one's supervisors, or a routine difference of opinion and personality conflict with one's supervisor, are not actionable . . ." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-316 (4th Cir. 2008) (cleaned up); *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013) (finding that a supervisor mocking, yelling and making snide comments to an employee "falls far short of being severe or pervasive enough to establish an abusive

5

environment"). Indeed, "[w]orkplaces are not always harmonious  locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Sunbelt Rentals*, 521 F.3d at 315.

In his Opposition, Plaintiff claims that he "cites multiple incidents of harassment" in his Complaint. Dkt. No. 14, p. 6. Plaintiff then references "his manager disclos[ing] his medical information to co-workers in a disparaging way," "disrespectful comments to him in front of others," and "disabled employees (like Plaintiff) [being] treated as unwelcome or mocked." *Id*. Even though some of these allegations differ from those asserted in his Complaint, the purported actions still do not constitute severe or pervasive harassment sufficient to establish a hostile work environment. Rather, the purported conduct more closely resembles the "routine difference of opinion and personality conflict with [one's] supervisor" that is present in many workplaces. *Sunbelt Rentals*, 521 F.3d at 316 (quoting *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000). Especially considering the purported conduct was isolated and occurred over the course of course of several months.

Contrary to Plaintiff's assertion that his "situation bears resemblance to other cases where courts found a viable hostile work environment," this case is inapposite from cases where courts in the Fourth Circuit have held a plaintiff has alleged sufficiently severe or pervasive workplace harassment to support a hostile work environment claim. For instance, Plaintiff references *Fox v. GMC*, 247 F.3d 169 (4th Cir. 2001) as a case where conduct similar to the conduct at issue was found to create a hostile work environment. In *Fox*, however, the plaintiff's supervisors used profane and vulgar language toward the plaintiff, berated and harassed him on a weekly basis, and encouraged other employees to ostracize the plaintiff and other disabled workers and prevent them to completing their assigned tasks by refusing to give them necessary materials. *Id*. at 179.

6

26682\0002\12742639v1

Additionally, the supervisors' harassment also exposed the plaintiff to some form of physical harm when they required him to perform tasks that that aggravated his existing back injury. *Id*. The Fourth Circuit concluded that the plaintiff had presented evidence of a severe and pervasive work environment because aforementioned harassing behavior the plaintiff experienced "was frequent, severe, physically harmful, and interfered with his ability to perform his job." *Id*.

Plaintiff's reliance on *Fox* is misplaced because the conduct at issue in that case is not remotely analogous to the conduct alleged here. In *Fox*, the defendant engaged in conduct that was egregious, sustained, and objectively severe and pervasive. Unlike the plaintiff in *Fox*, Plaintiff has not plausibly alleged that Defendant engaged in conduct that "was frequent, severe, physically harmful, and interfered with his ability to perform his job." *Id*. By contrast, the incidents relied on by Plaintiff to establish his hostile work environment claim are isolated—as they are scattered over the course of four to five months—and amount to, at most, the type of rude treatment or callous behavior that is not actionable under the ADA. Indeed, none of the conduct or incidents alleged by Plaintiff in support of his hostile work environment claim approach the kind or degree of misconduct present in *Fox*. Accordingly, Plaintiff's attempt to draw a comparison to *Fox* is unavailing and his hostile work environment claim must be dismissed.

II.  **Plaintiff Has Not Alleged Facts Sufficient to Plausibly State a Claim for IIED.**

In his Opposition to Defendant's Motion to Dismiss, Plaintiff attempts to argue that he has alleged facts sufficient to satisfy the requisite elements of his Intentional Infliction of Emotional Distress ("IIED") claim. His approach, however, seems to be to avoid dismissal by reciting the same deficient factual allegations set forth in his Complaint. Instead of responding to and rebutting the arguments and case law set forth in Defendant's Motion to Dismiss and Memorandum in Support, Plaintiff offers the same general and conclusory allegations he made in his Complaint and provides no case law to support his argument that IIED liability extends to insults, ridicule, or

7

26682\0002\12742639v1

insensitive conduct. Indeed, Plaintiff does nothing in his Opposition to address or even cure the legal insufficiency of his IIED claim.

Plaintiff very clearly fails to understand that the outrageous and intolerable conduct element of an IIED claim is seldom met by plaintiffs under Virginia law. Plaintiff's claim comes nowhere close to meeting the requisite threshold of outrageous and intolerable conduct required to state a claim for IIED under Virginia law. The conduct alleged by Plaintiff consists of, at most, odious and insensitive insults. While this type of conduct may be inappropriate, it is not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Russo v. White*, 241 Va. 23, 27 (1991). In fact, "Virginia courts have held that 'insensitive and demeaning conduct,' including verbal abuse, does not rise to the level of extreme or outrageous conduct required to state a claim for intentional infliction of emotional distress." *Perk v. Worden*, 475 F. Supp. 2d 565, 570 (E.D. Va. 2007) (quoting *Harris v. Kreutzer*, 271 Va. 188, 205 (2006)); *Law v. Autozone Stores, Inc.*, No. 4:09CV00017, 2009 U.S. Dist. LEXIS 110445, at *12 (W.D. Va. Nov. 25, 2009) ("[A]s a general matter, verbal abuse and use of insensitive language will not meet the bill for outrageous and intolerable conduct for purposes of an IIED claim based on Virginia law."). Especially when, as here, the conduct at issue is isolated or infrequent.

In a last ditch effort to prevent his IIED clam from being dismissed, Plaintiff argues that it would be premature for this Court to dismiss his claim without letting him develop the facts. This is a meritless argument. The court's opinion in *Womack v. Eldridge*, 215 Va. 338 (1974) makes clear that this Court is responsible for determining whether Plaintiff has sufficiently alleged outrageous and intolerable conduct at the outset to survive dismissal of his IIED claim. *Id*. at 342. In making this determination, this Court must not consider Plaintiff's legal conclusions and the

26682\0002\12742639v1

self-serving statements he makes in his Complaint and his Opposition to Defendant's Motion to Dismiss. After all, it is not Plaintiff's role to declare that he has pled sufficient facts to meet the minimum requirements for an IIED claim. That is this Court's role, and this Court must independently determine whether Plaintiff has alleged facts sufficient to demonstrate that Earthlink engaged in outrageous and intolerable conduct. Here, Plaintiff has failed to allege facts that, even if taken as true, establish that Earthlink's conduct was outrageous and intolerable.

Finally, Plaintiff's claim that the alleged emotional distress he suffered was severe is meritless. Plaintiff alleges he has suffered from severe emotional distress, public humiliation, and other intangible injuries as a result of Defendant's conduct. Most of these alleged symptoms/injuries, however, are the same or similar to symptoms/injuries that courts have found to be insufficient to satisfy the severe emotional distress element of an IIED claim. *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 436 (4th Cir. 2006) ("embarrassment, disappointment, or hurt feelings" alone cannot prove emotional stress severe enough to sustain an IIED claim); *Harris v. Kreutzer*, 271 Va. 188, 205 (2006) (affirming that injuries such as humiliation, disgrace, shame, injury to reputation, nightmares, difficulty sleeping, depression and loss of self-esteem are not so severe that no reasonable person could be expected to endure them); *Russo v. White*, 241 Va. 23, 28 (1991) (plaintiff's allegations that "she was nervous, could not sleep, experiences stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work" was not emotional distress "so severe that no reasonable person could be expected to endure it."); *Harris v. Americredit Fin. Servs.*, 2005 U.S. Dist. LEXIS 44339, *9-10 (W.D. VA. 2005) ("nightmares, loss of self-esteem, depression, and nightly episodes of crying" do not constitute severe emotional distress); *Glover v. Oppleman*, 178 F. Supp. 2d 622, 643 (W.D. Va. 2001) (sleeplessness, anxiety, loss of enjoyment, and fatigue is not sufficiently severe to support

plaintiff's IIED claim). Plaintiff's alleged injuries and symptoms are indistinguishable from those the courts in the above-cited cases found insufficient to constitute severe emotional distress.

### III.    Plaintiff Has Failed to Allege Facts Sufficient to Plausibly State a Pattern or Practice Disability Discrimination Claim Under the ADA.

Plaintiff alleges that Count VII in his Complaint summarizes "the overall pattern of conduct [he] endured" and uses it to "underscore[] that [his] experience was not an isolated incident but a broader pattern affecting him (and possibly others in his cohort." Dkt. No. 14, p. 11. He seemingly is alleging that he was subjected to a pattern of disability discrimination under the ADA, but such a claim fails as a matter of law because the allegations in his Complaint do not plausibly demonstrate any systemic or pervasive discriminatory conduct by Defendant. Here, Plaintiff's allegations consist of being issued a verbal warning less than four months after he requested an accommodation, his supervisor disclosing his medical condition to a coworker, his supervisor subjecting him to "disrespectful treatment" in front of his colleagues, and the purported delay in providing the accommodation he requested. These events, even when taken as true, are discrete and unrelated actions that do not rise to the level of a pattern or practice of discrimination.

"Isolated or sporadic discriminatory acts by the employer [are] insufficient to establish a prima facie case of a pattern or practice of discrimination." *Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 876 (1984). Plaintiff's reliance on a series of disconnected workplace events falls far short of plausibly alleging that Defendant maintained a pattern or practice of disability discrimination. Consequently, this claim must be dismissed for failure to state a claim.

### IV.    Even Affording Plaintiff the Leniency Owed to Pro Se Litigants, His Claims Still Fail to State a Plausible Basis for Relief.

While it is established that courts must construe the pleadings of *pro se* litigants liberally, such leniency does not exempt them from the basic pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.

10

1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate."); *Alexander v. Hilton Hotels Worldwide*, Civil Action No. 1:23-cv-935 (RDA/JFA), 2024 U.S. Dist. LEXIS 5677, at \*4 (E.D. Va. Jan. 9, 2024) ("That a pro se complaint should be liberally construed neither excuses a pro se plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate."). Even a *pro se* complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). After all, it is not the court's job to serve as de facto counsel for a plaintiff or develop claims that the plaintiff fails to raise sufficiently in his complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Here, even affording Plaintiff's Complaint the benefit of liberal construction, his allegations fall short of plausibly stating a claim under the ADA or any other federal or state law. As explained in Defendant's opening Memorandum and this Reply, Plaintiff's Complaint consists largely of conclusory assertions, vague allegations, and isolated incidents that do not amount to unlawful discrimination or retaliation. Plaintiff has simply not alleged facts from which the Court could reasonably infer that Defendant engaged in any conduct prohibited by the ADA or any other applicable law. Accordingly, the Court should dismissed Plaintiff's Complaint in its entirety as it fails to meet even the most basic threshold of plausibility under the applicable legal standard.

## CONCLUSION

For the foregoing reasons, as well as those set forth in its previously filed Motion and Memorandum in Support, Defendant respectfully requests that this Court grant its Motion to

11

26682\0002\12742639v1

Dismiss, enter an order dismissing Plaintiff's Complaint with prejudice, and award any further

relief this Court deems fair and just.

EARTHLINK, LLC


By: */s/  Harrison E. Richards*


Paul G. Klockenbrink (VSB No. 33032)
Harrison E. Richards (VSB No. 94960)
GENTRY LOCKE ATTORNEYS
10 Franklin Road, S.E., Suite 900
Roanoke, Virginia 24011
Telephone: (540) 983-9300
Facsimile: (540) 983-9400
Email: klockenbrink@gentrylocke.com
       hrichards@gentrylocke.com

*Counsel for Defendant*
*Earthlink, LLC*

12

26682\0002\12742639v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF system. The foregoing was also sent on July 15, 2025 via

first-class mail and certified mail, postage prepaid, to:

David Coleman
5244 Tacoma Mountain Road
Wise, VA 24293

*Plaintiff – pro se*

/s/  *Harrison E. Richards*
*Counsel for Defendant*
*Earthlink, LLC*

13

26682\0002\12742639v1